D. Ormonde Ritchie, J.
This is an application by the Board of Trustees of the Town o'f Huntington for the approval of a resolution adopted by said board transferring to the general fund of the Town of Huntington the sum of $100,000 presently held in the Huntington Station Bank in the Board of Trustees Fund.
In the Town of Huntington there are two separate political units, i. e., the Board of Trustees, comprising the supervisor, the three Justices of the Peace and the town clerk, and the Town Board, comprising the four councilmen and the supervisor. Numerous legislative acts have been passed from time to time, whereby the title “ Board of Trustees of the Town of Huntington ” was substituted for the original designation shown in colonial grants, and the board comprised o'f additional or different officers, but suffice it to say that the separate entities, to wit, the Town Board and the Board of Trustees have continued to be recognized.
Over the years, the Board of Trustees has accumulated a substantial sum from income and, as stated above, has the funds on deposit in the Huntington Station Bank. Under the origina7 colonial grants, the Board of Trustees has exercised genera* trust powers over the granted lands for the benefit of the residents of the Town of Huntington. Their acts were ratified and their powers continued to the present time by chapter 816 of the Laws of 1952, which further directs that the Town Law shall not apply to the acts of the Board of Trustees but that such acts shall be subject to review pursuant to article 79 of the Civil Practice Act. Specifically the chapter provides in section 2 thereof “The powers to acquire, hold, manage, lease, control, convey, grant and dispose of property both real and personal for the benefit of the residents and taxpayers of the Town of Huntington heretofore exercised by said Board of Trustees of the town of Huntington and/or its predecessors, are hereby *80 ratified and confirmed in said Board of Trustees and said Board of Trustees is hereby authorized and empowered to continue to hold, manage, lease, convey, grant, invest and reinvest such property and funds as Trustee for the residents and taxpayers of the Town of Huntington ” and in section 4 thereof “ Except as therein otherwise specifically provided, the provisions of the town law shall not apply to the acts of said Board of Trustees, and such acts shall be subject to review by the Supreme Court under the provisions of Article 79 of the Civil Practice Act of the State of New York- Such trust is hereby declared to be an express trust within the meaning of Section 1307 of the Civil Practice Act.”
Inasmuch as the residents and taxpayers of the Town of Huntington are the beneficiaries of the trust controlled by the Board of Trustees, and section 2 of the Town Law defines a town as “ a municipal corporation comprising the inhabitants within its boundaries,” I have no difficulty in holding that the Town of Huntington is the beneficiary of the trust, and that the proposed transfer is a grant or conveyance expressly authorized by chapter 816 of the Laws of 1952, since an expenditure of funds in the interests of public health, safety and welfare must of necessity accrue to the benefit of the residents and taxpayers of the township. In any event, the fund as presently on deposit is unproductive and of benefit to no person or entity and presents precisely the situation that chapter 816 of the Laws of 1952 was designed to correct. The application is granted and the resolution approved.